UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Civil File No.  07-CV-144 PAM/JSM

MIKE GAVANDA and GARY LARSON, as Trustees of the
Painters and Allied Trades District Council No. 82
Health Care Fund; JOHN BOSQUEZ and GARY LARSON, as
Trustees of the Minneapolis Local 386 Drywall Finishing
Industry Pension Fund, Minneapolis Painting Industry
Pension Fund, Minneapolis Painting Industry Vacation
and Holiday Fund; MICHAEL GAVANDA and
JAMES SMALLEN, as Trustees of the Minnesota
Finishing Trades Training Fund;
and each of their successors,

JEFF JEWETT and JOHN NAKASONE, as Trustees
of the St. Paul Painting Industry Pension Fund,
St. Paul Painting Industry Vacation Fund;
and each of their successors,

       Plaintiffs,

vs.

THE PAINT SAINT.
and EUGENE DIX, individually,

       Defendants.

_____

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND DEFAULT ORDER**

This matter was before the court on July 18, 2007.  Amanda R. Cefalu,

Esq., McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared

for and on behalf of the Plaintiffs.  There was no appearance on behalf of the

Defendants.

## FINDINGS OF FACT

1.      Plaintiffs filed a Summons, Complaint and Amended Summons in this matter on January 9, 2007.  Defendant Eugene Dix was personally served with the Summons, Complaint and Amended Summons in this matter on January 11, 2007.  Defendant The Paint Saint was personally served with the Summons, Complaint and Amended Summons in this matter on January 11, 2007. *See* (Court Docket Nos. 1-2).

2.      Defendants have failed to file and serve a response or Answer to the Summons and Complaint.

3.      Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds").  The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37).  They are established to provide, *inter alia*, pension, health and welfare vacation benefits and training to employees doing laborers' work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement.  All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN  55425.

4.      Defendants accepted and agreed to be bound to a Collective Bargaining Agreement between the Minnesota Painting and Wallcovering Employers Association and the Painters and Allied Trades District Council No. 82

and the International Union of Painters and Allied Trades, AFL-CIO (formerly known as the Brotherhood of Painters and Allied Trades Local Union No. 61, AFL-CIO).

5.     The Collective Bargaining Agreement obligates Defendants to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6.     An employer who is required to make payments to the Funds shall promptly furnish to the Trustees, or their authorized agents, on demand, all necessary employment and payroll records for audit and review to determine the employer's compliance with the terms of the Collective Bargaining Agreement and Declarations of Trust.

7.     The Collective Bargaining Agreement also provides that an employer is liable for liquidated damages of 10% for failure to submit monthly reports and contributions in a timely fashion, and further provides that Plaintiffs are entitled to their attorney fees and costs incurred in the collecting any delinquency.

8.     Section 502 of ERISA and the Collective Bargaining Agreement provide that Plaintiffs are entitled to their reasonable attorney fees and costs associated with this action.

9.     The Plaintiffs requested that Defendants produce the employment and payroll records for audit, for the period of January, 2006 through the present. To

date, Defendants have failed to produce their records for review by Plaintiffs'
auditor.

14.     Plaintiffs reasonably believe that Defendants employed individuals
during these months.  If individuals were employed, benefits are due on their
behalf.

15.     Per the Complaint, Plaintiffs performed an audit for the period of
January, 2005 through September, 2005 and found $750.75 due and owing for
fringe benefit contributions.  Defendants have defaulted on the Complaint and
therefore are liable to Plaintiffs for this amount, in addition to any amounts found
to be due and owing pursuant to the audit performed for the period of January,
2006 through the present.

## CONCLUSIONS OF LAW

1.     Defendants are in default, and Plaintiffs are entitled to entry of a
Default Order.

2.     Defendants are liable to Plaintiffs for contributions and liquidated
damages in the amount of $750.75 for audit period of January, 2005 through
September, 2005.

3.     Defendants breached the Collective Bargaining Agreement by failing
to produce payroll and employment records for audit and review for the period of
January, 2006 through the present.

4.     Defendants are liable to Plaintiffs for all fringe benefit contributions discovered to be due and owing per the Collective Bargaining Agreement for the audit period of January, 2006 through the present, including liquidated damages, and are further liable for Plaintiffs' attorney fees and costs.

## <u>ORDER</u>

**IT IS ORDERED**:

1.     That Plaintiffs' Motion for the Entry of Default is granted.

2.     That Defendants shall produce for inspection and audit a complete set of the following business records for the period of January, 2006 through the present:

a.     All Payroll journals;

b.     All time cards;

c.     All Internal Revenue 941 quarterly report forms;

d.     All Internal Revenue W-2 forms for employees of Defendant and the W-3 forms;

e.     Defendants' payroll check register and sequential cancelled checks from Defendants' payroll account; and

f.     All Internal Revenue 1099 and 1096 forms.

1.     Defendants are further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

2.     Production and inspection shall occur within ten (10) days of entry of this Order at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN  55425.

3.     The only issues remaining to be determined in this action are the amount of Plaintiffs' damages and Plaintiffs' claim for attorneys' fees and costs.

4.     Defendants shall pay Plaintiffs $750.75 for contributions and $75.08 for liquidated damages for the audit period of January, 2005 through September, 2005.

5.     That Defendants pay all amounts found to be due and owing for contributions and liquidated damages for the audit period of January, 2006 through the present.   If Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and attorneys fees and costs, as shown by Affidavit filed with the Court, and the Court shall enter judgment ten

(10) days after service of the motion and Affidavit on

Defendants.

**IT IS SO ORDERED**:

Dated: ___July   20___, 2007.          BY THE COURT:


                                        s/Paul A. Magnuson
                                        The Honorable Paul A. Magnuson
                                        United States District Court Judge